1  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY, State Bar No. 83684
2  JEAN BARNIER, State Bar No. 231683
   645 First St. West, Suite D
3  Sonoma, California 95476
   Telephone:  (707) 935-3205
4  Facsimile:   (707) 935-7051
   Email:       macclaw@macbarlaw.com
5                jbarnier@macbarlaw.com

6  Attorneys for Plaintiff
   DOUBLE H VENTURES, INC.

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  In re                              )
                                       )   Case No. 09-11096
12  JAMES ALBERT ALEXANDER,            )   (Chapter 7)
                                       )
13            Debtor.                  )   AP No.
    _____)
14                                     )
    DOUBLE H. VENTURES, INC.,          )
15                                     )   **COMPLAINT TO DETERMINE**
              Plaintiff,               )   **NONDISCHARGEABILITY OF**
16                                     )   **DEBT AND FOR DECLARATORY**
         v.                            )   **RELIEF**
17                                     )
    JAMES ALBERT ALEXANDER,            )
18                                     )
              Defendant.               )
19  _____)

20       Plaintiff alleges:

21                        JURISDICTION AND VENUE

22       1.      On April 21, 2009, Defendant James Albert Alexander filed his voluntary Petition

23  for relief under Chapter 7 of the Bankruptcy Code in the above entitled Court.

24       2.      This Court has subject matter jurisdiction over this adversary proceeding pursuant

25  to the provision of 28 U.S.C. § 1334 and 157.  Venue is proper here pursuant to the provision of

26  28 U.S.C. § 1409.

9390.CDD

1    3.    This matter is a core proceeding as defined by the provisions of 28 U.S.C. §

2    157(b)(2)(a), (I),  and (O).  Alternatively, Plaintiffs consent to final judgment of the Bankruptcy

3    Court pursuant to the provision of 28 U.S.C. § 157(c)(2).

4                                              PARTIES

5    4.    Plaintiff Double H Ventures, Inc.(Double H) is a Delaware corporation.

6    5.    Defendant James A. Alexander (Alexander) is an individual residing and doing

7    business in the Northern District of California.

8                                    GENERAL ALLEGATIONS

9    6.    Defendant Alexander has been a licensed stock broker and investment advisor

10   with Edward Jones & Co.  since 1995 until late 2008.   In his capacity as stock broker and

11   investment advisor, Alexander managed the funds of Double H and its principals  and acted as

12   the licensed securities broker dealer and/or financial planner and/or investment adviser for

13   Plaintiff.  As such, he occupied a position of trust and confidence with respect to Plaintiff and

14   owed to it   fiduciary duties of care and loyalty.

15   7.    On or about January 1, 2002, during the time he was acting as a licensed broker-

16   dealer on behalf of Plaintiff and its principals, Defendant Alexander made, executed and

17   delivered to Plaintiff his promissory note in the amount of $390.096.63 (the "1/1/2002 Note"), in

18   consideration for a loan by Plaintiff to Defendant in that amount. The 1/1/2002 Note bore

19   interest at the rate of ten percent  (10%) per annum and was due in full on January 1, 2003.

20   8.    Despite numerous promises, Defendant Alexander failed to pay the 1/1/2002 Note

21   when due or otherwise.   In fact, Defendant Alexander made payments of only $10,607.83,

22   leaving a substantial balance due, owing and unpaid.

23   9.    On or about January 1, 2005, Plaintiff and Defendant Alexander agreed to rewrite

24   the debt evidenced by the 1/1/2002 Note into a new obligation.  On or about January 1, 2005,

25   also during the time he was acting as a licensed broker-dealer on behalf of Plaintiff and its

26   principals,  Defendant Alexander made, executed and delivered to Plaintiff his promissory note

9390.CDD

1  in the amount of $500,329.24 ( the "1/1/2005 Note"), which represented sums lawfully due and

2  owing on the 1/1/2002 Note as of that date.   The 1/1/2005 Note bore interest at the rate of  ten

3  percent  (10%) per annum and was due in full on January 1, 2006.  A correct copy of the

4  1/1/2005 Note is attached to this Complaint and labeled Exhibit 1.

5          9.         Defendant  Alexander failed to notify and seek the approval of Edward Jones &

6  Co. of any and all loan transactions between Plaintiff and him,  as is  required by FINRA Rule

7  2370.

8          10.        In November of 2006 representatives of Plaintiff met with Defendant Alexander's

9  default on the 1/1/2005 Note and to negotiate a repayment plan and further extension of the

10  obligation.  Plaintiff requested documentation, including federal income tax returns from

11  Alexander, to aid in the purpose of establishing a payment plan.  Defendant Alexander agreed to

12  produce these documents.

13          11.        Discussions between Plaintiff and Defendant Alexander  continued throughout

14  2007.  Defendant repeatedly represented to Plaintiff that he was in a temporary cash flow deficit

15  due to expensive divorce proceedings and other financial problems, that he was a high-income

16  earner with excellent long term prospects due to his history as a successful banker and

17  investment advisor, and that if Plaintiff refrained from collection activity on the 1/1/2005,

18  Plainiff would be paid by Defendant.

19          12.        In October of 2007, in furtherance of his request for an extension of the 1/1/2005

20  Note,  Alexander delivered his puported  2006 federal income tax return to Plaintiff.  Defendant

21  Alexander represented to Plaintiff that this was his actual and true filed federal income tax

22  return. This tax return was prepared by a licensed accountant and reflected that he was married;

23  filing separately; and that he owed approximately $35,000 in federal income taxes for the 2006

24  tax year.  Defendant Alexander represented to Plaintiff that he was required to use all of his

25  available liquid resources and short-term future income to satisfy this tax liability, leaving him

26  with no funds to pay Plaintiff.

9390.CDD

1    14.    Plaintiff is informed and believes that this purported 2006 federal income tax

2  return was false.  In fact, the actual 2006 federal income tax return filed by Defendant Alexander

3  indicated no federal income tax liability for the year, thus establishing that Defendant

4  Alexander's further claims of lack of liquidity at that time were also false.

5    15.    Defendant Alexander furnished this false 2006 federal income tax return to

6  Plaintiff with the fraudulent intent to induce Plaintiff to extend and renew the obligation

7  represented by the 1/1/2005 Note.

8    16.    In actual and justifiable reliance of these false and fraudulent representations by

9  Defendant Alexander, Plaintiff agreed to extend and renew the obligation represented by the

10  1/1/2005 Note to December 8, 2008.

11    17.    On December 8 , 2008, Plaintiff filed suit against Defendant Alexander in

12  Washoe County, Nevada, Case No. CV08-03286 for Breach of Contract and other counts based

13  on Alexander's failure to pay the 1/1/2005 Note.

14    18.    On April 20, 2009, a hearing was held on Plaintiff's Motion for Summary

15  Judgment in the Washoe County Court.  At that time, the Washoe County Court  found for

16  Double H in the amount of $747,673.73 which included interest through March 31, 2009, plus

17  attorneys' fees in the amount of $6,539.00.

18    19.    On April 21, 2009, prior to 5:00 p.m., which Plaintiff alleges on information and

19  belief is the time of day that Court closes,  the Washoe County Court entered judgment for

20  Plaintiff against Defendant Alexander in the amount of $747,673.73.  A correct copy of that

21  Judgment is attached to this Complaint and labeled Exhibit 2.  Defendant Alexander filed his

22  petition for relief in the Main Case herein on April 21, 2009 at 6:21 p.m.

23

24                          FIRST CLAIM FOR RELIEF
                        (Determination of Dischargeability of Debt)
25                          (11 U.S.C. Section 523(a)(2))

26

9390.CDD

1    20.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1

2    through 19, inclusive.

3    21.    On or about October, 2007, Defendant Alexander obtained an extension, renewal,

4    or refinancing of credit he owed to Plaintiff, as evidenced by the 1/1/2005 Note.

5    22.    Defendant Alexander obtained this extension, renewal, or refinancing of credit by

6    use of the fabricated  2006 federal income tax return described above.

7    23.    This fabricated 2006 federal income tax return was a statement in writing.

8    24.    This fabricated 2006 federal income tax return was materially false.

9    25.    This fabricated 2006 federal income tax return purported to represent the

10   Defendant Alexander's financial condition.

11   26.    Defendant Alexander presented this false document to Plaintiff with the actual

12   intent to deceive Plaintiff, and Defendant Alexander did in fact deceive Plaintiff.

13   27.    Plaintiff is therefore entitled to a judgment declaring Defendant Alexander's debt

14   to Plaintiff in the amount of   $747,673.73 to be nondischargeable pursuant to th provisions of 11

15   U.S.C. Section 523(a)(2)(B).

16

17                          SECOND  CLAIM FOR RELIEF
                    (Declaratory Relief Re: Dischargeability of Debt)
18                          (11 U.S.C. Section 523(a)(19))

19
     28.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1
20
     through 27, inclusive.
21
     29.    Among the "Federal securities laws (as that terms is defined in section 3(a)(47) of
22
     the Securities Exchange Act of 1934)...or any regulation or order issued under such
23
     Federal...securities laws;" as defined by 11 U.S.C. Section 523(a)(19) are the provisions of
24
     Section 19 of the Securities and Exchange Act of 1934 (15 U.S.C. Section 78s)  and Section 9 of
25
     the Securities Investor Protection Act, (15 U.S.C. Section 78iii).
26

9390.CDD

1    30.    15 U.S.C. Sections 78s and 78iii delegate and assign the rights, powers, and

2    obligations to regulate licensed securities broker-dealers to certain "Self-regulatory

3    Organizations", including without limitation the Financial Industry Regulatory Authority

4    ("FINRA"), successor to the National Association of Securities Dealers.   Included within these

5    rights, powers, and obligations is the obligation to establish and enforce disciplinary rules of

6    conduct for licensed securities broker-dealers.  Ultimate authority over these disciplinary rules of

7    conduct and/or enforcement proceedings lies with the U.S. Securities Exchange Commission.

8    31.    Among the rules and regulations governing licensed securities broker-dealers

9    established by FINRA Rule 2370.  FINRA Rule 2370, and predecessor rules, provide as follows:

10
> (a) No person associated with a member in any registered capacity
> may borrow money from or lend money to any custoer of such
11 > person unless: (1) the member has written procedures allowing the
> borrowing or lending of money between such registered persons
12 > and customers of the member; and (2) the lending or borrwoing
> meets one of the following conditions: (A) the customer is a
13 > member of such person's immediate family; (B) the customer is a
> financial institution regularly engaged in the business of providing
14 > credit, financing, or loans, or other entity or person that regularly
> arranges or extends credit in the ordinary course of business' (C)
15 > the customer and the registered person are both registered persons
> of the same member firm; (D) the lending arrangement is based on
16 > a personal relationship with the custoer, such that the loan would
> not have been solicited, offered, or given, had the customer and the
17 > associated person not maintained a relationship outside of the
> broker/customer relationship; or (E) the lending arrangement is
18 > based on a business relationship outside of the broker-customer
> relationship.

19
32.    By reason of the provisions of 15 U.S.C. Sections 78s and 78iii, the provisions of
20
FINRA Rule 2370 are a "Federal securities law" as the term is defined by 11 U.S.C. Section
21
523(a)(19)(A)(i).
22
33.    The debt owing to Plaintiff by Defendant Alexander was incurred in violation of
23
FINRA Rule 2370.  Such debt was therefore incurred in violation of a "Federal securities law" as
24
the term is defined in 11 U.S.C. Section 523(a)(19)(A)(i).
25
34.    Plaintiff obtained a judgment on account of such debt, as evidenced by Exhibit 2,
26

9390.CDD

1  within the meaning of 11 U.S.C. Section 523(a)(19)(B)(I).

2          35.     An actual controversy has arisen and now exists between Plaintiff and Defendant.

3  Plaintiff contends that the debt owed to it by Defendant Alexander is non-dischargeable pursant

4  to 11 U.S.C. Section 523(a)(19).  Plaintiff is informed and believes and on that basis alleges that

5  Defendant disputes this contention. pursuant to the provisions of 15 U.S.C. Sections 78s and

6  78iii.

7          36.     Although 11 U.S.C. Section 523(c) does not expressly require the commencement

8  of an adversary proceeding to enforce the provisions of 11 U.S.C. Section 523(a)(19), a mistaken

9  assertion of such statutory rights could constitute a violation of the Defendant's discharge

10  injunction.  Plaintiff therefore has no adequate remedy at law and is entitled to a declaratory

11  judgment that the debt owed to it by Defendant Alexander is nondischargeable pursuant to

12  Section 523(a)(19).

13          WHEREFORE, Plaintiff prays for judgment as follows:

14          1.     For an order declaring Defendant's debt to Plaintiff to be nondischargeable

15  pursuant to the provisions of 11 U.S.C. Sections 523(a)(2) and (a)(19);

16  .        2.     For costs of suit incurred herein,; and

17          3.     For such other and further relief as the Court deems proper.

18

19  Dated:  July 19, 2009                    MacConaghy & Barnier, PLC

20
                                             /s/ John H. MacConaghy
21                                           John H. MacConaghy
                                             Attorneys for Plaintiff
22

23

24

25

26

9390.CDD