**Form CAodsc7**

# UNITED STATES BANKRUPTCY COURT
## Northern District of California (Santa Rosa)

| | |
|---|---|
| In re:<br>James Albert Alexander<br>1600 Main St.<br>Napa, CA 94559 | Case Number: 09–11096 AJ 7<br>Chapter: 7 |
| Debtor(s) | |
| Debtor/Joint Debtor Social Security Number(s):<br>xxx–xx–4842 | |

## DISCHARGE OF DEBTOR

    It appearing that the debtor(s) is/are entitled to a discharge, **IT IS ORDERED**:
The debtor(s) is/are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: 7/21/09                    By the Court:

                                               Alan Jaroslovsky
                                               United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Doc # 23

CAocsd7 continued

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (applies to cases filed on or after 10/17/2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (applies to cases filed on or after 10/17/2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# CERTIFICATE OF NOTICE

```
District/off: 0971-1          User: kandersen          Page 1 of 1          Date Rcvd: Jul 21, 2009
Case: 09-11096                Form ID: CAODSC7         Total Noticed: 11

The following entities were noticed by first class mail on Jul 23, 2009.
db          +James Albert Alexander,   1600 Main St.,   Napa, CA 94559-1847
smg          CA Employment Development Dept.,   Bankruptcy Group MIC 92E,   P.O. Box 826880,
              Sacramento, CA 94280-0001
9912449     +Double H Ventures,   c/o Hobart MK Birmingham,   2370 Watson Ct., Ste. 120,
              Palo Alto, CA 94303-3226
9912450      Double H Ventures, Inc.,   c/o Hobart MK Birmingham,   70 27th Ave.,
              San Francisco, CA 94121-1026
9912452     +Matthew B. Hippler,   Holland & Hart, LLP,   5441 Kietzke Ln., 2nd Fl.,   Reno, NV 89511-3026
9912453      Monterey Credit Union,   Franklin & Figueroa Sts,   Monterey, CA 93942
9912454     +Perry, Johnson, Anderson et al (Law Firm,   PO Box 1028,   Santa Rosa, CA 95402-1028

The following entities were noticed by electronic transmission on Jul 22, 2009.
smg          EDI: CALTAX.COM Jul 22 2009 00:08:00     Franchise Tax Board,   Bankruptcy Group,   P.O. Box 2952,
              Sacramento, CA 95812-2952
9912447      EDI: CAPITALONE.COM Jul 22 2009 00:03:00     Capital One,   PO Box 85617,
              Richmond, VA 23285-5617
9912448      EDI: CHASE.COM Jul 22 2009 00:08:00     Chase Card,   PO Box 15123,   Wilmington, DE 19850-5123
9912451      EDI: HFC.COM Jul 22 2009 00:03:00     HSBC Credit Card,   PO Box 60136,
              City of Industry, CA 91716-0136
                                                                                             TOTAL: 4

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 23, 2009           Signature: *Joseph Speetjens*